# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GREGORY HARRIS,**
**DOC # M38811,**

      **Plaintiff,**

**vs.**                             **Case No. 4:19cv339-MW-CAS**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

      **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case in late July 2019 by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting in forma pauperis status, ECF No. 2. Prior to review of those documents, Plaintiff submitted a motion requesting leave of Court to file an amended complaint, ECF No. 4, and he simultaneously submitted the proposed amended complaint, ECF No. 5, along with a sworn affidavit, ECF No. 6, and a document which he titled, "amended summons," ECF No. 7, which provided addresses for the named

Defendants.  The motion requesting leave to file an amended complaint, ECF No. 4, is granted.

Plaintiff has also filed a notice of intent to use a report of the Inspector General's Investigation, ECF No. 8, and advised that his good adjustment transfer had been rejected because of a disciplinary report Plaintiff received.  Nearly two weeks later, Plaintiff submitted a notice of change of address, ECF No. 9, and an "emergency notice of inquiry," ECF No. 10, concerning the status of this case.

Review of this case reveals that Plaintiff has not honestly disclosed his litigation history.  In the initial complaint, Plaintiff said that he had never had a case dismissed based on the "three strikes rule" of 28 U.S.C. § 1915(g).  ECF No. 1 at 16.  Plaintiff also said he had never filed any "other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment."  *Id.* at 17-18.  The falsity of those statements are revealed in Plaintiff's in forma pauperis motion, ECF No. 2, which shows thousands of dollars in liens against Plaintiff's inmate bank account for both state prison litigation ($3,579.50) and federal prison litigation ($1,865).  *Id.* at 6.

When Plaintiff submitted the amended complaint on August 13, 2019, he continued to assert that he had not had a case dismissed under the "three strikes rule" and had not filed any other cases "relating to the conditions of [his] imprisonment."  *Id.* at 12-14.  Those assertions are false.

Plaintiff Gregory Harris, Department of Corrections inmate # M38811, previously had a case dismissed in this Court under the "three strikes rule."  Case number 4:15cv366-RH-CAS was dismissed pursuant to 28 U.S.C. § 1915(g) in September 2015.  ECF Nos. 6, 8-9 of that case.

Additionally, Plaintiff initiated another case in state court which was removed to this Court in September 2016, but then dismissed for failure to exhaust administrative remedies.  *See* case # 4:16cv596-RH-CAS.  Plaintiff's motion for leave to proceed with in forma pauperis status on appeal was denied in that case pursuant to § 1915(g) and his appeal was ultimately dismissed as frivolous.  ECF Nos. 44-46, and 49 of that case.

Plaintiff also filed a complaint in the Southern District of Florida, case number 1:13cv24417-KMM,[1] which was dismissed pursuant to § 1915(g) in January 2014.  Plaintiff's appeal of that dismissal was dismissed as

---

[1] The Court has confirmed that the case was filed by Plaintiff Gregory Harris, inmate number M38811, while he was incarcerated at Apalachee Correctional Institution.

Case No. 4:19cv339-MW-CAS

frivolous in June 2014.  ECF No. 14 of that case.  Accordingly, Plaintiff's

statement that he had not had any such dismissals is not true.

This case should be dismissed as a sanction for Plaintiff's false

statements made in the complaint, ECF No. 1, and amended complaint,

ECF No. 5.  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226

(11th Cir. 2011) (noting that "a district court may impose sanctions if a party

knowingly files a pleading that contains false contentions" under Rule

11(c)); Young v. Sec'y Florida for Dep't of Corr., 380 F. App'x 939, 941

(11th Cir. 2010) (finding "district court did not abuse its discretion when it

sanctioned Young for failing to disclose his prior cases."); Attwood v.

Singletary, 105 F.3d 610, 613 (11th Cir. 1997).  Plaintiff's litigation history

reveals that Plaintiff has sufficient experience to know the importance of

truthfully completing the complaint form and disclosing his prior cases.

Failing to do so was an intentional action and reveals Plaintiff was

proceeding in bad faith.  This case should be dismissed as an abuse of the

judicial process for failing to disclose his prior cases.

As an additional reason to dismiss this case, Plaintiff is not entitled to

proceed with in forma pauperis status because he cannot show that he is

currently facing imminent danger as required by 28 U.S.C. § 1915(g).[2]
That is so because when Plaintiff initiated this case, he was incarcerated at
Madison Correctional Institution.  ECF No. 1 at 2.  All of the individual
Defendants listed in the amended complaint are located at Madison
Correctional Institution as well.  *Id. see also* ECF No. 5.  Yet on August 29,
2019, Plaintiff filed a notice of change of address showing that he has been
transferred to F.S.P. in Raiford, Florida.  ECF No. 9.  Accordingly, Plaintiff
cannot be in imminent danger of serious physical injury from any named
Defendant because Plaintiff is no longer physically located with any
Defendant.

Accordingly, even if Plaintiff had not failed to honestly disclose his
prior litigation history, because Plaintiff has had three prior cases dismissed
which count as "strikes" and he is not under imminent danger of serious
physical injury, Plaintiff's motion to proceed in forma pauperis, ECF No. 2,
should be denied and this action dismissed.  Dismissal should be without
prejudice to Plaintiff submitting a complaint in a new case for which he

---

[2] That statute provides that a prisoner may not bring a civil action in forma
pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an
action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or
fails to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:19cv339-MW-CAS

pays the full $400.00 filing fee at the time of case initiation if Plaintiff desires to proceed with his claims against the Defendants named in this case.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## ORDER

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file an amended complaint, ECF No. 4, is **GRANTED** and the amended complaint, ECF No. 5, has been considered.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee because Plaintiff is not facing imminent danger from the Defendants and he did not truthfully disclose his prior litigation history.  It is also

**RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

   **IN CHAMBERS** at Tallahassee, Florida, on August 30, 2019.


      S/    Charles A. Stampelos
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

   **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv339-MW-CAS